## SUPREME COURT.

SIMON WALDHEIM, respondent, agt. P. BENDER, appellant.

Where an action is commenced to recover of the defendant a specified sum of money, the defendant cannot set up as a defense, that he has paid such sum to a creditor of the plaintiff, under and in pursuance of orders in supplementary proceedings against the plaintiff, where such proceedings were instituted after the service of the summons upon the defendant, and without any notice to the plaintiff.

*It seems,* that such a defense can be interposed only on special application to the court.

*New York General Term, November,* 1868.

*Before* INGRAHAM, *P. J.;* JOSEPH F. BARNARD *and* MULLIN, *Justices.*

THIS action was commenced on the 28th day of June, 1866, by the service of the summons and complaint on the defendant personally to recover the sum of fifty-five dollars and twenty cents, with interest, for goods sold and delivered. The defendant appeared herein by Kaufman, Frank & Wilcoxson, esqrs., his attorneys, but the answer was served only the latter part of October, 1866.

This answer set forth that under an affidavit of one of the defendant's attorneys then acting in behalf of a third party who was a judgment creditor of the plaintiff herein, an order was made by Judge CLERKE, of this court, herein, that the defendant be examined, and on such examination the defendant was further ordered to pay the indebtedness of the defendant to the plaintiff, to the attorney of said creditor; that in pursuance of the last mentioned order the defendant had paid to his own attorneys the sum of fifty-five dollars, and therefore prayed that the complaint might be dismissed with costs.

These entire proceedings were taken after the service of the summons on the defendant herein, and the two orders were made *without notice* to the plaintiff. The affidavit was sworn to on the 10th day of October, the order thereon was dated

the 11th, at the city of New York, made returnable the 12th at the city of New York, served on the defendant in the city of New York, on the day of its date, the examination of the defendant had in the city of Troy on the 12th (presumptively, for the examination is not included in the papers before the court), and the order to pay over the money made in the city of New York on the 13th, the entire proceeding thus occupying only three days. The answer refers to the orders which are annexed thereto, by which it appears that the order of the 11th of October was never signed.

To this answer the plaintiff demurred on the ground that the facts set forth in the answer did not constitute a defense.

The cause came on to be heard at a special term of this court, on the issue of law, on the 8th day of November, 1866, before the Hon. PLATT POTTER, J., who, after hearing the respective counsel for the parties, ordered judgment on the demurrer for the plaintiff, with liberty to the defendant to answer on the usual terms.

From this order the defendant appealed.

KAUFMAN, FRANK and WILCOXSON, *attorneys, and*
M. V. B. WILCOXSON, *counsel for the defendant, appellant.*

The complaint was for the recovery of $55.12, and interest from February 1, 1866, being the balance of an account due from Bender to Waldheim. The action was commenced on or about the 28th of June, 1866.

The answer was put in about the 25th of October, 1866, and did not deny the original indebtedness, but set forth as a defense to the action, that in proceedings supplementary to execution under a judgment in favor of F. M. Maas, and H. Boyer, against Simon Waldheim, the plaintiff in this cause, the defendant in that cause, P. Bender, was as a third person, indebted to the judgment debtor Waldheim, ordered to pay over such debt, to wit: the $55.12 in question, to the attorneys of the judgment creditors of Waldheim. to wit: F. M.

Maas and H. Boyer, and that he had duly paid it over in pursuance of the order.

To this answer a demurrer was interposed, and the judge ruled that this defense was insufficient. He was understood by his verbal remark to counsel to have considered that the proper way to interpose such a defense would be by special application to the court for leave to interpose it.

I. The learned judge was plainly in error in considering that this was a defense we had not a right to interpose without special leave of the court. Any defense, no matter when it arises, whether before or after suit brought, if it exists at the time the answer is put in, can be set up. (*White* agt. *Bullock*, 3 *Edw. Chan. R.* 453; *Boyd* agt. *Weeks*, 2 *Denio*, 321; *Willis* agt. *Chipp*, 9 *How. Prac. R.* 568; see *Lynch* agt. *Johnson*, 46 *Barb.* 57.)

II. The counsel on the argument below made several points.

As to the irregularity of the supplemental proceedings set up in the answer.

That the affidavit did not show that defendant had property of the judgment "debtor," or that the property "exceeded in amount ten dollars."

Answer. This was not necessary; the affidavit did state " that one P. Bender, of Troy, New York, has property of the judgment debtor, S. Waldheim." (*Code* § 294.) This averment gave the judge full jurisdiction to initiate the proceedings; and having jurisdiction, he had a right afterwards to apply to the payment of the judgment whatever was discovered, whether it was what is technically known as property, or debts in the hands of a third person, and belonging to the judgment debtor.

III. It was also objected " that the joint debt due by S. Waldheim and Boyer to Maas, would not itself have been a proper counter claim or defense to this action, which is brought to recover a debt due to Waldheim individually, and that no part of such joint debt can be a defense."

Answer. If Bender had owned by assignment the Maas judgment, why could he not have counter claimed, or set it off in this suit?

But this objection is shortly answered by reference to the provisions of the Code itself, section 297.

IV. It was also suggested that the supplementary proceedings were collusive.

Answer. This was a point that did not arise on demurrer to the defense, but would be matter for the trial of the cause on the issues joined.

V. The order for payment, which is objected to, is authorized by section 301 of the Code.

VI. The order overruling the answer should be reversed, and judgment rendered in favor of the defendant on the answer.

P. J. JOACHIMSEN, *attorney, and*

WM. HENRY ARNOUX, *counsel for plaintiff and respondent.*

I. The judge had no jurisdiction to make the order of the 13th day of October, 1866.

*First.* Because the affidavit upon which the proceedings were founded did not state the facts requisite to confer jurisdiction.

The affidavit says "that one P. Bender has property of "the judgment debtor, J. Waldheim."

The Code requires that the affidavit shall state that the person "has property of such judgment debtor, "or is "indebted to him, in an amount exceeding ten dollars."

The amount here spoken of is as applicable to the value of the property as to the extent of the indebtedness, and is a legislative sanction of the legal maxim, "*De minimis non curat lex.*"

*Second.* Because the order of October 11th was not signed.

*Third.* Because the evidence did not disclose that the defendant had any property of the judgment debtor.

The affidavit takes the place of a complaint in an action in the nature of a creditor's bill, and no evidence could be given of a matter not alleged, *e. g.,* evidence of indebtedness where the allegation was possession of debtor's property. If given, it would not be available.

The order was bound by the rule of law applicable to judgments—it must be *" secundum allegata et probata."*

It has been expressly decided that *" if,* at any stage of the proceedings, it appears that the alleged facts upon which jurisdiction is based do not exist, it is the duty of the judge to dismiss the parties." (*Kennedy* agt. *Weed,* 10 *Abb.* 62.)

*Fourth.* Because the order of October 13th was unconstitutional. It was made *ex parte,* and without notice to the debtor.

(*a.*) Notwithstanding the express language of the 294th section of the Code, that the order to examine a third party might be made without notice to the debtor, it was not until 18 that the general term of this district definitely settled this question; but it appears that the fact that section 297 does not confer power upon the judge to order payment by the third party without notice.

In view of all the decisions the fact that the legislature conferred express authority to make such order without notice, proves that without such authority, such order could not be made.

There being no such authority in section 297, the courts have no power *to order payment without notice.* The decision of this court in proceedings under section 294, applies to section 297.

" It is a fundamental principle of law, that no one can be deprived of his property without due process of law, and a proceeding against a party without notice is not such process." (*Gibson* agt. *Haggerty,* 15 *Abb.* 406.)

There appears to have been no adjudication of this ques-

tion under section 297, which shows how uniformly notice of the proceeding has been given to the debtor before payment is ordered.

(*b.*) It appears on the face of the papers that there was collusion between Maas and Bender. They had the same attorney, and the proceedings, initiated in New York, continued in Troy, and completed here in three days, shows that the plaintiff was purposely kept in ignorance.

(*c.*) The order was improper. The whole of the costs allowed in supplementary proceedings, thirty dollars, were given on the collection of fifty-five dollars, ,where the debts were over six hundred dollars. At that rate the costs would amount to over seven hundred dollars.

The court never would have granted this order had the judgment debtor been represented by counsel at the time.

It therefore follows that on the face of the answer, the proceedings set forth were null and void, and the judgment of the justice was correct.

II. The facts set up in the answer did not constitute a defense.

The answer, after stating the facts, alleges as matter of law, that they constitute a defense, and the demurrer joins issue as to the conclusion thus to be drawn.

1st. It purports to be an entire defense, and it is not.

The plaintiff's demand is for $55.20, with interest, from 1st. February, 1866. The payment was only $55, so that by the pleadings themselves there is a balance due.

2d. As the defense arose after the commencement of the action, it should have been pleaded in bar of its further maintenance, and not in bar of the action itself. (*Kunzler* agt. *Kohaus*, 5 *Hill*, 317, 326 ; *Boyd* agt. *Weeks*, 2 *Denio*, 321 ; *Aff. S. C.*, 5 *Hill*, 393 ; *Towns* agt. *Wilcox*, 12 *Wend.* 503 ; *Le Bret* agt. *Papillon*, 4 *East.* 502 ; *Lee* agt. *Levy*, 4 *Barn. & C.* 390.)

The only case reported that seems to be against that rule will be found on examination to refer only to the evidence

to be given under such pleading. (*Willis* agt. *Chipp*, 9 *How.* 568.)

3d. The plaintiff adopted the proper proceeding in the case in interposing a demurrer to the answer. (*Morris* agt. *Cook*, 19 *Wend.* 699.)

III. The judgment of the court below was right, and should be affirmed with costs.

The COURT, on the argument, decided in favor of the respondent (plaintiff), on consideration of the first point on the appellant's points, only, and *held* that notice must be given.